# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION SCOTT BUCKELEW,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>JUDGE WASHINGTON, et al.,<br><br>　　　　　　　　　Respondents. | Case No.: 20cv592-MMA (WVG)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a person detained at the San Diego County Central Jail awaiting trial has filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Doc. No. 1. He claims he is represented by an appointed public defender acting under a conflict of interest who has rendered ineffective assistance of counsel during pretrial proceedings, and that his pre-trial proceedings, including two motions to relieve counsel, are presided over by biased state court judges. *Id.* at 2–6. Although unclear, it appears he may be attempting to present claims alleging he has not received adequate medical treatment for his physical and mental conditions. *Id.* at 10–22.

## **ABSTENTION**

The Petition must be dismissed because it is clear this Court is barred from consideration of the claims by the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, federal courts may not interfere with ongoing state

criminal proceedings absent extraordinary circumstances. *Id.* at 45–46; *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (*Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings."). These concerns are particularly important in the habeas context. *Sherwood v. Tompkins*, 716 F.2d 632, 634 (9th Cir. 1983).

Absent extraordinary circumstances, abstention under *Younger* is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001). All three of these criteria are satisfied here. Petitioner indicates he is currently housed at the San Diego County Central Jail undergoing pre-trial proceedings with respect to charges of attempted murder, shooting at an inhabited dwelling, possession of a firearm by a felon, possession of a firearm, and assault with a firearm. Doc. No. 1 at 20. Petitioner's claims of ineffective assistance of counsel and denial of his motions to replace appointed counsel are the type of claims that state courts provide an opportunity to raise on direct appeal. Abstention is therefore required. *See Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.") Petitioner has failed to demonstrate that extraordinary circumstances exist which would relieve this Court of its obligation to abstain from interfering with ongoing state criminal proceedings. *Juidice v. Vail*, 430 U.S. 327, 337 (1977) (holding that if *Younger* abstention applies, a court may not retain jurisdiction but should dismiss the action).

## **CLAIMS NOT PROPERLY BROUGHT ON FEDERAL HABEAS**

Additionally, to the extent Petitioner is attempting to raise claims regarding the conditions of his confinement involving an alleged failure to provide adequate medical care for his physical and mental conditions, they are not properly brought on federal

2

20cv592-MMA (WVG)

habeas. Such claims are not cognizable on federal habeas because they do not challenge the constitutional validity or duration of confinement. *See Heck v. Humphrey*, 512 U.S. 477, 480–85 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser*, 411 U.S. at 488–500. When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Id.* at 500. On the other hand, a § 1983 action is a proper remedy for a prisoner making a constitutional challenge to the conditions of confinement but not the fact or length of custody. *Id.* at 499.

## **CONCLUSION**

Based on the foregoing, the Court **DISMISSES** this action without prejudice. Petitioner's claims challenging his pre-trial proceedings are dismissed without prejudice under *Younger* abstention. Petitioner's claims regarding the conditions of his confinement are dismissed without prejudice to present in a new civil rights action pursuant to 42 U.S.C. § 1983 which will be given a new case number.

**IT IS SO ORDERED.**

Dated: March 31, 2020

_____
HON. MICHAEL M. ANELLO
United States District Judge

3
20cv592-MMA (WVG)